## UNITED STATES v. BLACKBURN.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5696.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash. (James O'C. Roberts and James T. Brady, both of Washington, D. C., and Lester E. Pope, of Seattle, Wash., Attys. U. S. Veterans' Bureau, of counsel), for the United States.

W. G. Beardslee and Graham K. Betts, both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal by the government from a judgment in favor of the plaintiff on a policy of war risk insurance. Error is assigned in the admission of evidence and in the refusal of the court to direct a verdict in favor of the appellant at the close of all the testimony.

John R. Blackburn, since deceased, enlisted in the military service of the United States November 16, 1917, and was discharged therefrom September 25, 1919. At the time of enlistment deceased applied for and was granted a policy of war risk term insurance, and the premiums thereon were paid up to the time of his discharge. No premium was thereafter paid and the policy was permitted to lapse. Up to this point there is no controversy over the facts, but beyond this the testimony is very meager and unsatisfactory.

A witness who had known him since childhood testified that when the deceased came back from the army his physical condition was changed; that he was nervous and had a cough; that he worked for the witness for about 3 months shortly after his discharge; that he was unable to work steadily; that he would have to stop a half dozen times a day, and would get sick at the stomach. Another witness, who had known him for about 15 years, testified that when the deceased returned from the army he was frail and in poor health; that he worked for the witness for about 4 months in the early part of 1921; that the work assigned him was light; and that he could only work about half the time

A brother testified that he did not notice the condition of the deceased when he first

came back from the army, but that day by day he noticed him going down; that the deceased tried to work at the mill, at the gravel pit, and at the rails; that when he came back from work he would lie down; that he would not feel like getting up in the morning; that when he did get up he would lie down again; that finally he went to Silver Lake; that the witness did not know what was the matter with him; and that about six months after his discharge from the army the deceased became frightened and consulted a doctor. The mother testified that the deceased remained in bed a considerable part of the time after his discharge from the army; that he would vomit after eating, and that his condition continually grew worse; that he was confined to his bed in Cushman Hospital for practically a year, going there, she thought, in the winter of 1920; that he spent a winter in the government hospital at Walla Walla, and a winter or winters in the government hospital in Arizona; that he spent his summers at home in a tent, and that later he went to Monrovia, Cal., where he died in 1925. The court also admitted in evidence, over objection and exception, what purported to be a copy of a death certificate, executed by the coroner of Los Angeles county, California, giving the cause of the deceased's death as pulmonary hemorrhage tuberculosis.

After the appellee rested her case, a physician called by the government testified that he examined the deceased in 1921; that at that time he had stomach and eye trouble; that the stomach disorder was apparently due to an old operation for appendicitis; that he found no evidence of a tubercular condition; that it was possible that he might have had tuberculosis of the bowels, but he made no attempt to ascertain that fact. Another physician testified that he examined the deceased in August and September of 1920; that his trouble was due to adhesions from an old appendicitis operation; and that he found no impairment of the lungs. The physicians were not asked whether they considered the deceased totally disabled, but the inference from their testimony is that they did not.

We are of opinion that the court erred in admitting in evidence the certificate of the coroner of Los Angeles county for the purpose of showing the cause of death. The so-called certificate was not authenticated, so as to entitle it to be admitted in evidence under any statute of the state of Washington, so far as we are advised, nor was it authenticated as required by section 906 of the Revised Statutes (28 USCA § 688). But beyond this such certificates are not competent evidence as to the cause of death, as between private litigants, for the reasons stated by the Supreme Court of the state in Sullivan v. Seattle Elec. Co., 51 Wash. 71, 97 P. 1109, 130 Am. St. Rep. 1082. The ruling was prejudicial, because a jury would naturally attribute the early indisposition of the deceased to the malady which eventually caused his death some years later.

In view of a new trial, we need refer but briefly to the other assignment of error. While the testimony was ample to prove temporary total disability, no witness, professional or lay, testified as to the nature of the illness from which the deceased was suffering, or as to the cause of his disability. The jury was left wholly to speculation and guesswork on both of these questions. Furthermore, the record fully discloses the fact that more satisfactory testimony was within the reach of the appellee. The physician whom the deceased consulted six months after leaving the army was not called as a witness, nor was any reason assigned for not calling him. The same may be said of the failure to call any of the physicians who must necessarily have attended the deceased during his long confinement in the different hospitals. In short, the jury was left with little or nothing to guide them in determining the vital issues in the case. These deficiencies in the testimony can doubtless be supplied in some measure upon a retrial of the cause.

The judgment is reversed, and the cause is remanded for further proceedings.