**WARREN v. UNITED STATES.**

No. 1395.

District Court, D. Idaho, S. D.
July 25, 1930.

Oppenheim & Lampert and J. B. Musser, all of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Asst. U. S. Atty., both of Boise, Idaho, for defendant.

CAVANAH, District Judge.

This suit was brought by plaintiff on a war risk insurance policy, resulting in a directed verdict for defendant upon the ground of insufficiency of evidence to establish permanent and total disability occurring during the life of the policy. Plaintiff now moves for a new trial, and the principal ground urged is newly discovered evidence, which he contends shows that he was totally and permanently disabled while the policy was in force. He enlisted in the military service of the United States in October, 1917, and was discharged therefrom in July, 1919. The insurance policy was issued in February, 1918, and, for failure to pay premiums, lapsed on August 31, 1919. The test is that plaintiff must establish permanent and total disability while the policy was in force. United States v. McPhee (C. C. A.) 31 F.(2d) 243; United States v. Blackburn (C. C. A.) 33 F. (2d) 564; United States v. Barker (C. C. A.) 36 F.(2d) 556. At the trial the evidence did not disclose that fact, and the court was required to direct a verdict for the defendant. [2-4] The first ground assigned of newly discovered evidence is that subsequent to the trial plaintiff discovered that, when an award of compensation was granted to him by the Director of the Bureau on August 17, 1919, on account of disability resulting from injury incurred while in active service, and that Dr. Montague, a physician connected with the Bureau, and Drs. Rhodes and Bell associated with him, in 1921 made physical examinations and findings and X-ray plates of him, which disclosed tuberculosis of the left hip, and that the secretary of the American Red Cross Service at Boise, in 1925, when in corresponding with Dr. Montague and associates, was informed that they had made physical examinations and findings and X-ray plates of plaintiff. Prior to the trial, counsel for plaintiff requested the secretary of the Red Cross Service for such information as the records would disclose so that they might secure the names of witnesses who had made examinations and findings as to plaintiff's condition, and, in response to such re-

quest, after diligent search of the files and records of the Red Cross Service, the secretary was unable to find and give any such information, until March 30, 1930, when she located the information in the files of the Red Cross Department. At the time defendant produced the service records of plaintiff, it announced that they were all of the records and files to be had relating to the service and physical condition of plaintiff. Thereafter, on application of plaintiff, an order was made by the court requiring the defendant to have at the hearing of the motion for new trial all of the records of the Bureau relating to plaintiff, and in response thereto defendant informed the court and plaintiff that it had at the trial produced all of the records and files requested and did not have any X-ray plates of plaintiff.

As it is evident that the government does not now have any records or files or X-ray plates other than those already produced which would furnish further evidence as to plaintiff's physical condition, the contention that, because he was not able to secure the X-ray plates and records relating to the award of compensation at the time of the trial he could not have called as witnesses the doctors who made the physical examination of him in 1921, is not tenable, for he knew prior to the trial of the doctors having made physical examinations of him, and he could have called them, without relying upon what the records of the Bureau might show. In other words, what these doctors would testify to was within his own knowledge, and was available at the time of the trial, as he knew that they had made the physical examination of him and taken the X-ray pictures, and therefore it cannot now be regarded as newly discovered evidence. Furthermore, what the Bureau's records might show as to the award of compensation relates to compensation and not to a contract of war risk insurance, as compensation flows from service and is secured upon comparative inability to follow a pre-war occupation, while insurance benefits go only to those who are permanently and totally disabled while the insurance was in force. There are no degrees of disability recognized by the insurance contract as in an award of compensation. The insured must be disabled from following "any substantially gainful occupation." United States v. Golden (C. C. A.) 34 F.(2d) 367, 370. The doctors who made the physical examinations of plaintiff for rating for compensation were competent witnesses, and could have been called at the trial by plaintiff, as plaintiff knew they had made the physical examina-

tions of him. It is their testimony that is competent, and not the Bureau's rating based thereon. The physical examinations and X-ray plates claimed to have been made for compensation rating was some two years subsequent to the time that the policy lapsed, and no showing appears that the plaintiff could not have obtained and produced the doctors to testify after the exercise of reasonable diligence.

As to the remaining grounds recited in the motion, relating to the exclusion of certain evidence, which were not seriously urged upon the hearing, I see no reason why such evidence should not have been excluded.

The motion for new trial will be denied.