## HOBIN v. UNITED STATES.
### No. 4425.

District Court, D. Massachusetts.
March 25, 1932.

Leo M. Harlow, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and John Lawrence Hurley, Sp. Asst. U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge.

This is an action brought by a World War veteran to recover the benefits of two policies of war risk insurance for $5,000 each, issued January 1 and February 4, 1918, respectively.

The government recognized liability on the policies from October 15, 1918, to March 1, 1922, when it reached the conclusion that the disabilities were not total and permanent and revoked its former action respecting them.

The plaintiff was wounded on October 24, 1916, and the question presented is whether on that date he became totally and permanently disabled. While engaged on the Verdun front, he was hit by a high explosive shell, was removed to a hospital, and, about three months later, his right arm was amputated near the shoulder. He was in hospitals in France and in this country until he was discharged from the Walter Reed Hospital in Washington on March 17, 1920. His prewar occupation was that of a blacksmith, which he has been unable to carry on by reason of his disabilities. He was in school until 14 years of age, going through to the sixth grade. On two different occasions he has tried vocational training, studying bookkeeping, but has been unable or unwilling to continue with the training sufficiently long to enable him to become proficient along these lines. He has difficulty in writing with his left hand. With the exception of two or three months with the Crosby Steam Gauge & Valve Company he has done no work at all since his discharge from the hospital. According to the medical testimony, the only disability which the plaintiff has is the loss of the right arm and an ankylosis, or stiffening, of the right shoulder. In all other respects he is physically sound. There was a suggestion by the plaintiff that he was suffering from nervous troubles, but the evidence does not warrant the finding of any physical or mental impairment other than the arm and shoulder.

The question presented in this case is whether one who has lost his right arm, who is otherwise in good health, but who is unable to carry on his prewar occupation, has been unable to fit himself for a clerical position, and has not carried on continuously a substantially gainful occupation since his discharge from the service, can be said to be totally and permanently disabled within the meaning of the contract.

The fact that the plaintiff has not followed with reasonable regularity any substantially gainful occupation since his injury is not conclusive, nor is the fact that his disabilities prevented his return to his prewar occupations. Wood v. United States (D. C.) 28 F.(2d) 771, 772; United States v. Barker (C. C. A.) 36 F.(2d) 556.

The question upon which liability under the policy turns is not whether the insured had worked, but whether, under the handicap of his disability, he has been able to enter upon any gainful occupation and to continue in it with reasonable regularity and without detriment to his health. Warren v. United States (D. C.) 42 F.(2d) 755; Unit-

ed States v. Golden (C. C. A.) 34 F.(2d) 367. If he has been thus able to carry on, his disability is partial and not total, notwithstanding his record of unemployment.

■ While it must be conceded that one who has lost his right arm is seriously and permanently handicapped and is excluded from many kinds of work, yet the field of employment is not wholly closed to him. Many a man with only one arm has been able to earn a substantial income. That our legislators have never regarded the loss of one arm as a total disability is evidenced by the provisions of the World War Veterans' Act 1924, as amended, dealing with compensation (38 USCA § 473), and by the Longshoremen's and Harbor Workers' Compensation Act (33 USCA § 908). On facts somewhat similar to those in the instant case, the Circuit Court of Appeals for the Fourth Circuit has held that the wounded veteran was not entitled to recover upon his policy of insurance which had lapsed before he became totally disabled. United States v. Thomas, 53 F.(2d) 192.

Judgment may be entered for the defendant.